OPINION OF THE COURT

Per Curiam.

Order entered September 21, 1982 affirmed, with $10 costs.
The trial evidence amply establishes that the third amendment to the plan to convert the rental building at 900 Park Avenue, Manhattan, to condominium ownership was circulated subsequent to July 5, 1979, and it is not seriously disputed that the plan, as amended, was accepted for filing on or about September 7, 1979. The plan offered “eligible senior citizens” the right to elect to become non-purchasing tenants, and the tenant herein timely and in proper form elected to be so classified. The evidence further establishes that tenant satisfied the age, residency, and *542 income criteria then prevailing (see former General Business Law, § 352-eeee, subd 1, par [e], L 1979, ch 432, § 2). In particular, the information recorded on tenant’s Federal income tax return, as supplemented by his testimony, demonstrated that his income from all sources for the relevant income tax year was substantially below the then existing $30,000 threshold.
The trial court properly denied petitioner’s application at the very end of trial to conform the pleadings to the proof so as to allege a cause of action pursuant to subdivision A of section 54 of the Code of the Rent Stabilization Association of New York City, Inc. The case was not tried on that basis and scant, if any, evidence was received on that score. More to the point, subdivision A of section 54, which relieves an owner of a condominium unit from the obligation to offer a renewal lease where the owner does not reside in the building and seeks in good faith to recover possession, has no application as respects the renewal rights of eligible senior citizens. The offering plan herein, as required by statute, stated that “eviction proceedings will not be commenced against eligible senior citizens * * * they may be evicted only for nonpayment of rent or a breach of other obligations of their tenancy” (see former General Business Law, § 352-eeee, subd 2, par [a], L 1979, ch 432, § 2, carried forward in General Business Law, § 352-eeee, subd 2, par [d], cl [iii]). It is the expressed law and public policy of this State to protect eligible senior citizens in the context of the co-operative or condominium conversion process. That protection will be rendered illusory and meaningless if subsequent purchasers of converted units are permitted to summarily evict qualifying nonpurchasing senior citizens. The manifest legislative intent is that such tenants may continue in occupancy notwithstanding their decision not to purchase; the statute says, with exceptions not here relevant, that eviction proceedings may not be commenced against eligible senior citizens “at any time”. Any other construction would result in the ouster of many of those whom the Legislature has singled out for special consideration. The petitioner, who purchased an apartment in which an eligible senior citizen *543 presently resides, made his purchase subject to the superior possessory rights of that tenant.
Dudley, P. J., Riccobono and Sullivan, JJ., concur.