OPINION OF THE COURT

Per Curiam.

Final judgment entered February 17, 1982 reversed, *591 with $30 costs, and final judgment directed in favor of tenant dismissing the petition. Orders dated May 5, 1981 and July 15, 1981, insofar as appealed from are affirmed.
In this holdover proceeding brought by a proprietary lessee under section 61 (subd 4, par [d]) of the Code of the Rent Stabilization Association of New York City, Inc. (Rent Stabilization Code), the essential issues litigated below were whether tenant had properly elected to be classified as an eligible senior citizen and whether she satisfied the then existing age, residence and income criteria for senior citizen eligibility (see former General Business Law, § 352-eeee, subd 1, par [e], L 1979, ch 432, § 2). After a nonjury trial, the Housing Judge found that the income of tenant and her husband exceeded the $30,000 limitation, and further found that tenant had “failed to submit the appropriate affidavit required to qualify for the protection afforded by General Business Law § 352-eeee”.
We disagree on both counts, and dismiss the petition accordingly. Tenant apparently did not file her election on the specific form provided by the sponsor, but hand-delivered a letter to the sponsor’s agent which stated that she and her husband had resided within the subject apartment for at least five years; that her husband was 66 years of age; and that their total income earned in 1978, the relevant income tax year, was less than $30,000. The fact that tenant’s election of senior citizen status was made in this manner, rather than on the exact form provided by the sponsor, did not render it ineffectual. We agree with the Attorney-General’s interpretation, expressed in an opinion letter submitted in connection with this appeal, that it is not the submission of a particular form which is controlling, but whether the submission contains the averments critical to eligibility. Here, tenant’s letter contained the requisite allegations as to age, residence and income. It was timely received and not objected to. There is no reason to deny it validity.
On the question of income, the evidence indicates that apart from Social Security and veteran’s benefits totaling about $4,000, tenant and her husband had no salary, business income, or return from investments in 1978, and they filed no income tax return for that year. Because of *592 this lack of income, they did receive over $30,000 in cash loans from friends and business associates (some of which has since been repaid), which was applied toward their household expenses. While the statute did not enumerate the various types of income to be included for purposes of determining the income ceiling qualification (former General Business Law, § 352-eeee, subd 1, par [d], L 1979, ch 432, § 2), we think the common understanding of the term “income”, under Federal taxation or economic theory generally, does not comprehend moneys received by loan or gift (see Engle v Talarico, 33 NY2d 237). (It is parenthetically noted that a 1982 amendment to section 352-eeee eliminated the income limitation entirely [L 1982, ch 555, §2].)
The order of July 15, 1981, brought up for review on the appeal from the final judgment (CPLR 5501, subd [a], par 1), properly denied petitioner’s motion to amend the petition by adding a cause of action predicated upon subdivision A of section 54 of the Rent Stabilization Code. We have recently declared that an owner occupancy proceeding pursuant to that section cannot be used as a mechanism to evict eligible senior citizens, else the special protection afforded that class “will be rendered illusory and meaningless” (Sollenne v Seiden, 118 Misc 2d 541). The cooperative conversion plan herein provided that “[eligible senior citizens] may be evicted only for nonpayment of rent or a breach of other obligations of their tenancy * * * eligible senior citizens who reside in dwelling units subject to government regulation as to rentals and continued occupancy shall continue to be subject thereto”. It is not claimed that tenant has defaulted in her rental obligations or is otherwise in breach of the tenancy. She cannot be evicted because the sponsor chose to sell the shares allocable to her apartment to a purchaser who knew, or should have known, that persons with protected senior citizen status resided therein.
Dudley, P. J., Riccobono and Sullivan, JJ., concur.